403 P.2d 919

**SUMMIT VIEW, INC., a corporation,
Plaintiff and Respondent,**

v.

**W. W. CLYDE & COMPANY, a corporation,
Defendant and Appellant.**

No. 10139.

Supreme Court of Utah.

July 12, 1965.

Van Cott, Bagley, Cornwall & McCarthy, Grant Macfarlane, Jr., Salt Lake City, for appellant.

Earl D. Tanner, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a non-jury damage judgment for loss of mink because of noise engendered by defendant's heavy equipment. Affirmed with costs to plaintiff.

Several points on appeal were urged, only one of which we consider canvassable here, i. e., *insufficiency of evidence.*

Plaintiff had a mink facility near a highway which was being constructed by defendant under a state contract.

Mink are strange in that once a year between March 1 and June 1, noises produce miscarriages or maternal destruction of the hoped-for youngsters.

The basis of this complaint is that defendant knew of these propensities, but deliberately and negligently parked and operated its equipment next door to the mink sheds when it could have done it elsewhere, without interrupting the motherly pre-natal processes.

Perhaps being not as expertise as the trial court in matters flora and fauna, nonetheless we believe that the voluminous rec-

ord here reflects sufficient competent, believable evidence to support the trial court's concern about mink and the plaintiff's concern about his monetary loss. The evidence was enough to conclude that defendant had knowledge of the sensitivities of these raiment producers, having been apprised thereof about a year before on another job and on this job which easily should have warned it to park and operate its heavy equipment elsewhere when the evidence discloses that conveniently it could have done so.[1]

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.

---

1. See Bell v. Gray-Robinson Construction Co., 265 Wis. 652, 62 N.W.2d 390 (1954).